IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| SABRINA LOUTHAIN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE MISSOURI GAMING COMPANY, LLC,<br><br>Defendant. | Case No.<br><br>DEMAND FOR JURY TRIAL |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Sabrina Louthain files this Class and Collective Action Complaint against Defendant The Missouri Gaming Company, LLC.

## NATURE OF ACTION

1. This is a putative class and collective action challenging Defendant's unlawful, mandatory tip pool among Slot Attendants at Defendant's casino property, Argosy Riverside Casino, located in Platte County, Missouri. Specifically, Plaintiff Louthain brings these claims on a class and collective basis challenging Defendant's practice of including Lead Slot Attendants—a managerial and supervisory position—in the Slot Attendants' tip pool.

2. Defendant has created a mandatory tip pooling policy by which all Slot Attendants are required to pool their tips. In other words, Slot Attendants are not permitted to receive and individually retain the tips they earn from casino patrons. Instead, Defendant requires Slot Attendants to pool all of their tips with their Slot Attendants. These tips are then collected by Defendant and distributed to Slot Attendants in their biweekly paychecks.

3. However, for a period of approximately two years, Defendant included Lead Slot Attendants in the Slot Attendants' tip pool. But, unlike Slot Attendants, Lead Slot Attendants were managerial and supervisory employees who are not permitted by Missouri law to receive tips from customers. Slot Attendants report directly to Lead Slot Attendants, and one of the key responsibilities of the Lead Slot Attendants was to supervise the work of Slot Attendants. Further, Missouri law prohibits Lead Slot Attendants from receiving tips. *See* 11 Mo. C.S.R. 45-8.130(2) ("Level II occupational licensees may accept tips for casino-related services performed by the licensee, or paid leave based on work, that is performed in a **nonsupervisory capacity** as a dealer, poker dealer, cage cashier, slot attendant, food and beverage personnel, valet, ticketing personnel, housekeeping, environmental services (EVS), or other positions as approved by the director.") (emphasis added).

4. This practice violates the express language of the Fair Labor Standards Act prohibiting tip pooling whereby employees "who customarily and regularly receive tips" share tips with non-tipped employees who do not. *See* 29 U.S.C. 203(m)(2)(A)(ii). Likewise, this practice violates the express language of the FLSA prohibiting the employer from keeping any portion of its employees' tips, "including allowing managers or supervisors to keep any portion of employees' tips." *See* 29 U.S.C. 203(m)(2)(B). Second, this practice violates Missouri law regulating the receipt and retention of tips in casinos as outlined above and gives rise to common law claims for unjust enrichment and conversion.

**PARTIES**

5. Plaintiff Sabrina Louthain resides in Missouri and is a resident of the State of Missouri. Plaintiff is employed by Defendant at its casino property, Argosy Riverside Casino, as a Slot Attendant. Plaintiff has worked as a Slot Attendant at Defendant at all relevant times. Plaintiff Louthain's Consent to Join is attached as **Exhibit 1**.

6. Defendant The Missouri Gaming Company, LLC is a limited liability company organized under the laws of the State of Missouri with its principal place of business in Platte County, Missouri.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because its principal place of business is located within the State of Missouri, it transacts business within the State of Missouri, it enters into contracts within the State of Missouri, and it is authorized by the Missouri Secretary of State to do business within the State of Missouri.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court likewise has subject matter jurisdiction over Plaintiff's state-law claims because they are so related to the FLSA claims that they form part of the same case and controversy, satisfying supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district and Defendant is subject to personal jurisdiction in this district. Plaintiff worked for Defendant at its property, Argosy Riverside Casino, which Defendant operates within the Western District of Missouri.

## ALLEGATIONS

### Defendant's Tip Pooling Arrangement for Slot Attendants

10. Plaintiff Louthain is Slot Attendant who participates in a mandatory tip pooling arrangement at Defendant's casino property, Argosy Riverside Casino. Defendant previously operated an unlawful tip pooling arrangement in violation of the FLSA and Missouri law by

including a category of employees referred to as Lead Slot Attendants in the tip pool as explained below.

11. Lead Slot Attendant was a managerial and supervisory position.

12. Lead Slot Attendants managed and supervised Slot Attendants.

13. Slot Attendants reported directly to Lead Slot Attendants.

14. Lead Slot Attendants' primary duty was to supervise and manage the work of the Slot Attendants, of which there were dozens.

15. Lead Slot Attendants had the ability to hire or fire or, at the very least, their suggestions and recommendations regarding hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

16. Under Missouri law, Lead Slot Attendants were in a supervisory position that was not permitted to receive tips from customers.

17. However, from approximately April 2021 until approximately April 2023, Lead Slot Attendants fully participated in the Slot Attendants' tip pool.

18. When the Lead Slot Attendant position was created in 2021, the Lead Slot Attendants did not initially receive tips in compliance with federal and Missouri law. However, shortly thereafter, Defendant took earned wages and tips back from Slot Attendants and redistributed that money to Lead Slot Attendants to compensate them for not having been paid tips.

19. Thereafter, Lead Slot Attendants fully participated in the Slot Attendants' tip pool. Specifically, the hours worked by Lead Slot Attendants were combined with those of Slot Attendants when the pro rata distribution of tips was calculated. The Lead Slot Attendants then received their pro rata distribution of the Slot Attendants' pooled tips.

20. This practice continued for several years until some point in 2023 when Defendant removed the Lead Slot Attendants from the Slot Attendants' tip pool.

21. However, in the interim, hundreds of thousands of dollars in Slot Attendants' pooled tips were taken by Defendant and then distributed out to Lead Slot Attendants who were not permitted under federal and Missouri law to receive them.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff Louthain brings Count I, the FLSA claim arising out of Defendant's unlawful tip pooling policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself individually and the following collective:

### Fair Labor Standards Act Collective

All persons employed as Slot Attendants at Defendant's Argosy Riverside Casino in Riverside, Missouri who participated in the Slot Attendants' tip pool from 2021 to 2023.

23. Plaintiff's FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action by U.S. Mail, email, text message, and posting an approved notice.

24. Plaintiff brings Counts II and III as class actions pursuant to Federal Rule of Civil Procedure 23.

25. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), Plaintiff brings her Unjust Enrichment/Quantum Meruit and Conversion claims on behalf of the following class:

## Missouri Class

All persons employed as Slot Attendants at Defendant's Argosy Riverside Casino in Riverside, Missouri who participated in the Slot Attendants' tip pool from 2021 to 2023.

26. Plaintiff's common law claims, as described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Federal Rule of Civil Procedure 23.

27. The proposed class consists of approximately 25 people. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through U.S. Mail, e-mail, text message, and posting of an approved notice. Further, members can readily be identified by records Defendant, as an employer, is required to maintain.

28. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Lead Slot Attendants are managerial and supervisory employees within the meaning of federal and Missouri law

    b. Whether Lead Slot Attendants are non-tipped employees within the meaning of federal and Missouri law;

    c. Whether including Lead Slot Attendants in the Slot Attendants' tip pool violated federal and Missouri law;

    d. Whether Defendant was unjustly enriched by virtue of the tip pooling practices described in this Complaint; and

    e. Whether Defendant converted Slot Attendants' property by virtue of the practices described in this Complaint;

29. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

30. Plaintiff is typical in that she participated in the Slot Attendants tip pool along with her fellow Slot Attendants and possesses the same claims premised on the same legal and factual theories.

31. A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims. Defendant acted or refused to act on grounds generally applicable to all class members. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

32. Plaintiff is an adequate representative because she is a member of the class she seeks to represent and her interests do not conflict with the interests other class members. Class members' interests will be fairly and adequately protected by Plaintiff and undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation, including, specifically, casino tip pooling claims.

33. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

# COUNT I

## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

34. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

35. The FLSA regulates, among other things, the payment of minimum wage, tips, and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

36. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are both enterprises engaged in interstate commerce and their employees are engaged in commerce. At all relevant times, Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

37. At all relevant times, Defendant was an "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

38. At all relevant times, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. *See* 29 U.S.C. § 203(e).

39. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees are entitled to the rights and protections afforded by the FLSA.

40. Plaintiff and all similarly situated employees are victims of uniform or substantially similar compensation policies and practices.

41. As described above, Defendant operated an unlawful tip pool by including non-tipped and/or manager/supervisor employees in the tip pool. Pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated employees are entitled to recover from Defendant all tips that were unlawfully kept by Defendant and then improperly redistributed to Lead Slot Attendants.

42. Plaintiff and all similarly situated employees are entitled to damages equal to the value of the unlawfully redistributed tips within the three (3) years preceding the filing of the Complaint plus periods of equitable tolling, because, as described above, Defendant acted willfully and knew, or showed reckless disregard of, whether their conduct was prohibited by the FLSA.

43. Defendant has acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of these violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## COUNT II

### Unjust Enrichment/Quantum Meruit

45. Defendant benefited from the work performed by Plaintiff and other similarly situated employees during the work weeks when Defendant took tips from Plaintiff's and other

similarly situated employees' wages. In taking these tips earned by Plaintiff and other Slot Attendants from the Slot Attendants' tip pool to pay wages to Lead Slot Attendants, Defendant were receiving a benefit (the work) for which it had not paid wages due and owing, specifically the tips earned by the Slot Attendants.

46. Defendant was aware or should have been aware that they were receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

47. Defendant's acceptance and retention of the benefit of Plaintiff and the other similarly situated employees' unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

## COUNT III

### Conversion

48. The tips in the Slot Attendants' tip pool represented property owned by the Slot Attendants under Missouri and federal law.

49. Defendant was not permitted under Missouri and federal law to take any portion of the Slot Attendants' tip pool.

50. Defendant took possession of the tips in the Slot Attendants' tip pool with the intent to exercise control over it.

51. Defendant redistributed the Slot Attendants' tip pool funds for its own purposes, including satisfying its own wage obligation to Lead Slot Attendants.

52. Plaintiff and similarly situated Slot Attendants were deprived of the right to possess the tip pool funds that were redistributed to Lead Slot Attendants.

## PRAYER FOR RELIEF

Plaintiff requests the Court enter judgment for Plaintiff individually and on behalf of all similarly situated employees awarding the following relief:

a. Grant class certification of the Missouri common law claims appointing Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel;

b. Grant collective certification of the FLSA claim appointing Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel;

c. Award Plaintiff and similarly situated employees all compensatory damages to which they be entitled under Missouri law;

d. Award Plaintiff and similarly situated employees all misappropriated tips, liquidated damages, and attorneys' fees and costs under the FLSA;

e. Award Plaintiff and similarly situated employees pre- and post-judgment interest;

f. Award Plaintiff and similarly situated employees punitive damages; and

g. Award any further relief that the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 29, 2024

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Alexander T. Ricke*
George A. Hanson, MO. Bar No. 43450
Alexander T. Ricke, MO. Bar No. 65132
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
hanson@stuevesiegel.com
ricke@stuevesiegel.com

**McCLELLAND LAW FIRM, P.C.**

Ryan L. McClelland, MO Bar No. 59343
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
ryan@mcclellandlawfirm.com

**COUNSEL FOR PLAINTIFF**