# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| SABRINA LOUTHAIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 24-06060-CV-SJ-BP |
| ) | |
| THE MISSOURI GAMING COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING (1) JOINT MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND (2) PLAINTIFF'S MOTION FOR ATTORNEY FEES, EXPENSES, AND A SERVICE AWARD

On December 16, 2024, the Court held a hearing on (1) the parties' Motion for Final Approval of Class And Collective Action Settlement and (2) Plaintiff's Motion for Attorney Fees, Expenses, and a Service Award. The Court has considered the Suggestions in Support for both motions, the materials submitted by the parties, and the parties' presentation at the hearing. Both Motions, (Doc. 22 and Doc. 24), are **GRANTED** and the Court finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement, (Doc. 7-2).

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Class certified by order dated July 12, 2024, (Doc.15), and defined as: All persons employed as Slot Attendants at Argosy Casino who participated in the Slot Attendants' tip pool from April 9, 2021 through April 4, 2023.

3. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this Litigation only.

In so finding, the Court does not determine whether the certification of the class would remain proper under the more stringent standard that requires a showing of, *inter alia*, manageability.

4. The Court confirms the appointment of the Named Plaintiff Sabrina Louthain as Class Representative of the Settlement Class, and the law firms of Stueve Siegel Hanson LLP and McClelland Law Firm, P.C. as Class Counsel.

5. The Notice Regarding Proposed Settlement of Class Action ("Proposed Settlement Notice") sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Proposed Settlement Notice also adequately informed the Class Members of the contact information for Class Counsel. Thus, the Court finds that the Proposed Settlement Notice provided to the Class Members satisfied the requirements of both Fed. R. Civ. P. Rule 23(e)(1)(B) and the Due Process Clause.

6. The Court finds that the settlement memorialized in the Settlement Agreement, (Doc. 7-2), and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Class Members. In particular, the Court finds that:

   (a) the strength of the Named Plaintiff's and Class Members' claims weighed against the defenses of Defendant and the complexity, length, and expense of further litigation, support approval of the Settlement;

   (b) the Maximum Settlement Amount of $326,061.00 as set forth in the Settlement Agreement is a fair, reasonable, and adequate settlement of the Named Plaintiff's individual claims and the claims of the Settlement Class;

(c) the Settlement was reached pursuant to arm's-length negotiations between the parties;

(d) the support for the Settlement expressed by Class Counsel and Counsel for Defendant, who have significant experience representing parties in complex class actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement;

(e) the absence of any objections to or requests for exclusion from the Settlement by Class Members supports approval of the Settlement; and

(f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

7. The Court further approves the release of FLSA claims for class members who negotiate their settlement checks as a fair and reasonable resolution of a *bona fide* dispute.

8. The Service Payment of $10,000, as set forth in the Settlement Agreement, is approved and shall be awarded and paid to the Named Plaintiff according to the procedures set forth in the Settlement Agreement.

9. Class Counsel is awarded one-third of the Maximum Settlement Fund for attorneys' fees and $463 in costs and expenses and will receive such payment according to the procedures set forth in the Settlement Agreement.

10. Class Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any unclaimed funds to Class Members shall be transferred to the State of Missouri's Unclaimed Property Fund to be held for that specific Class Member.

11. The Court orders that any Class Employee who did not timely submit a written request to opt-out of the settlement is bound by the terms of the Settlement Agreement, and fully releases and discharges Defendant and the Released Parties from the Released Claims, but that

such Class Members have not released and discharged Defendant and the Released Parties from the Released FLSA Claims unless and until such Class Members negotiate their Settlement Checks. The Class Members who did not timely submit a written request to opt-out of the settlement are:

- ALFAISAL, RAAD Z
- CORK, ADAM B
- DANIELS, DAMON L
- GIRMA, GENET B
- KNIGHT, WICHIT
- LOUTHAIN, SABRINA K
- MCCOY, HOANG YEN THI
- MCDONALD, SHALIQUE J
- MCINTOSH, EBONY
- MENGISTU, ABRAHAM G
- MILLER, AUDIE
- O'BANION, RYAN D
- PANILAGAO, REXIE J
- PICART, CARRIE L
- SELVIN, DILLON R
- SHIELDS, CONNIE R
- STEVENS, BIANCA D
- STOVALL, LEOTIS A
- STROER, RITA M

- THAO, MAY

- VALENTYNE, STEFAN

- WEAVER, ZANE A

- YIMER, SAMIRA E

12. The Court orders that any Class Member who negotiates his or her Settlement Check is bound by the terms of the Settlement Agreement and fully releases and discharges Defendant and the Released Parties from the Released FLSA Claims upon such negotiation of his or her Settlement Check.

13. As identified by Class Counsel (who conducted and oversaw the notice process), the Court finds that no individuals have timely requested exclusion from the Settlement Class.

14. This Court grants final approval of the Settlement.

15. This matter is dismissed with prejudice, without any cost to any of the parties except as provided in the Settlement Agreement. The Clerk is directed to enter judgment consistent with this Order.

**IT IS SO ORDERED.**

DATE: December 16, 2024

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT